1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL T. CAREY, et al.,                    No. CIV S-07-2762-LKK-CMK

12            Plaintiffs,

13       vs.

14   STATE OF CALIFORNIA
     FRANCHISE TAX BOARD, et al.,
15
              Defendants.
16
     _____/
17
     MICHAEL T. CAREY, et al.,                    No. CIV S-07-2763-LKK-CMK
18
              Plaintiffs,
19
         vs.                                      <u>FINDINGS AND RECOMMENDATIONS</u>
20
     PAUL ENJALRAN, et al.,
21
              Defendants.
22
     _____/
23

24            Plaintiffs Michael T. Carey and Leone R. Carey, who are proceeding pro se, bring

25   these related civil actions.  Pending before the court are plaintiffs' complaints.

26   / / /

1

1         The court is required to screen complaints brought by prisoners seeking relief

2 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

3 § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

4 granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening

5 provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

6 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

7 from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

8 1915A(b)(1), (2).  Because plaintiffs, who are not prisoners, have been granted leave to proceed

9 in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

10

11                         **I.  BACKGROUND**

12      **A.**     <u>**The Current Actions**</u>

13         In case no. CIV-S-07-2762-LKK-CMK, plaintiffs "allege[] that Defendants

14 imposed involuntary servitude upon them in violation of the Thirteenth Amendment to the

15 Federal Constitution by claiming, and collecting on a fictitious debt."  In case no. CIV-S-07-

16 2763-LKK-CMK, plaintiffs similarly "allege that Defendants imposed involuntary servitude

17 upon them in violation of the Thirteenth Amendment to the Federal Constitution by claiming,

18 and placing upon the official public record of Shasta County, a notice of a fictitious debt owed by

19 the Plaintiffs."  In both actions, plaintiffs allege they were denied substantive due process.

20         In case no. CIV-S-07-2762-LKK-CMK, plaintiff set forth the following factual

21 allegations:

22         1.     On August 9, 2005, plaintiffs were granted a full and complete discharge
              in a Chapter 7 bankruptcy case;

23

24         2.     The discharge was sent to defendant Enjalran by electronic transmission
              on that date, and no objection or appeal was filed;

25         3.     "In disregard of the bankruptcy discharge," on June 4, 2007, defendant
              Enjalran sent a notice of tax lien to defendant Morgan for filing on the

26                public record in Shasta County;

4.      Defendant Morgan filed the notice into a "lien index" in file no. 2007-0025971 "with full knowledge of the bankruptcy discharge being of public record";

5.      No evidence of debt was presented with the notice of tax lien and no exemption from the bankruptcy discharge was presented with the notice;

6.      Plaintiffs have been financially injured by the "fictitious debt" imposed upon them by defendants;

7.      Defendants' "documentation is the undeniable and irrefutable evidence" and is "their own confession of judgment"; and

8.      Defendants' documents entitle plaintiffs to judgment.

The factual allegations in case no. CIV-S-07-2763-LKK-CMK are similar and differ only in the following respects:

1.      Notice of the discharge was sent to the State of California Franchise Tax Board;

2.      The discharge was recorded in the Shasta County public records in file no. 2007-0031479;

3.      On November 7, 2007, defendant Franchise Tax Board issued an order for defendant Tri Counties Bank to withhold funds in order to "enforce payment of a fictitious amount due for California Personal Income Tax";

4.      Defendant Tri Counties Bank "took monies from 3 different checking accounts . . ."; and

5.      No garnishment documents were presented to defendant Tri Counties Bank.

**B.      Other Actions**

The records of the United States District Court for the Eastern District of California and the United States Bankruptcy Court for the Eastern District of California reveal that plaintiffs and persons associated with them have been parties in numerous proceedings in this district.[1]   The court hereby takes judicial notice of the following other actions:  Michael

_____

[1]      A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 Carey and Leone Carey v. United States (In re Carey), Bankruptcy case no. 04-29060-B-7

2 (Bankr. E.D. Cal.), and of the adversary proceeding filed by the United States of America in that

3 case:  In re Carey, 326 B.R. 816 (Bankr. E.D. Cal. Apr. 25, 2005) ( case no. 04-29060-B-7, adv.

4 04-2548).  In addition, the undersigned takes judicial notice of the following proceedings in the

5 district court:  Robert G. Hogue, Trustee[2] v. Gil Akers, et al., case no. CIV-S-98-1539-LKK-PAN

6 (petition to quash IRS summons dismissed Mar. 26, 1999); Michael Carey v. IRS, et al., case no.

7 CIV-S-98-1540-LKK-PAN (petition to quash IRS summons dismissed Mar. 25, 1999); United

8 States v. Michael Carey, case no. MISC-S-98-0289-LKK-PAN (petition to enforce IRS summons

9 granted Mar. 25, 1999); United States v. Robert Hogue as trustee of Rancho Residential Facility

10 Trust, case no. MISC-S-98-0290-LKK-PAN (motion for summary enforcement of IRS summons

11 granted Mar. 25, 1999); United States v. Robert Hogue as trustee of Residential Management

12 Services Trust, case no. MISC-S-98-0291-LKK-PAN (petition to enforce IRS summons granted

13 Mar. 26, 1999); United States v. Robert Hogue as trustee of Sunshine Residential Facility Trust,

14 case no. MISC-S-98-0292-LKK-PAN (petition to enforce IRS summons granted Mar. 26, 1999);

15 United States v. Robert Hogue as trustee of Home Health Services Trust, case no. MISC-S-98-

16 0293-LKK-PAN (motion for summary enforcement of IRS summons granted Mar. 26, 1999);

17 United States v. Michael Carey as grantor of Rancho Residential Facility Trust, case no. MISC-

18 S-98-0294-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States

19 v. Michael Carey as grantor of Home Health Services Trust, case no. MISC-S-98-0295-LKK-

20 PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey

21 as grantor of Residential Management Services Trust, case no. MISC-S-98-0296-LKK-PAN

22 (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey as

23 grantor of Sunshine Residential Facility Trust, case no. MISC-S-98-0297-LKK-PAN (petition to

24 enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey, et al., case no.

25

26 [2] Robert G. Hogue filed the petition in his alleged capacity as trustee of sham trusts set up by the plaintiffs.

1  CIV-S-95-2176-MCE-CMK (motion for summary judgment regarding tax liability of defendants

2  Michael Carey and Leone Carey granted July 5, 2007; appeal pending); and Michael Carey and

3  Leone Carey v. Shasta County, case no. CIV S-06-1265-FCD-CMK (plaintiffs' claim based on

4  recording of federal and state tax liens by county recorder dismissed Sept. 6, 2006, without

5  prejudice to seeking relief from appropriate state court or agency).

6

7                              **II.  DISCUSSION**

8            A claim is frivolous when it lacks an arguable basis either in law or in fact. See

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

10  699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege

11  "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

12  Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).  In considering whether a complaint states

13  a cognizable claim, the court accepts as true the material allegations in the complaint and

14  construes the allegations in the light most favorable to the plaintiff.  See Hishon v. King &

15  Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

16  (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to

17  a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520

18  (1972).  However, the court is not required to accept as true conclusory allegations, unreasonable

19  inferences, or unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d

20  618, 624 (9th Cir. 1981).

21            The court finds that plaintiffs' claims are frivolous, both factually and legally, and

22  fail to state any claim upon which relief may be granted in either action.  First, the court

23  previously decided in the context of the adversary proceeding brought by United States in

24  plaintiffs' bankruptcy case that plaintiffs' taxes were not discharged.  This is completely

25  consistent with 11 U.S.C. § 523, which specifies that tax debts are not discharged in bankruptcy.

26  Therefore, the entire factual  premise of these actions is false.  The actions, therefore, are

1  frivolous and must be dismissed.  Given the defects of plaintiffs' claims, it is clear that granting

2  leave to amend would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.

3  1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

4

5  **III.  CONCLUSION**

6  Based on the foregoing, the undersigned recommends that:

7  1.  These actions be dismissed, without leave to amend and with prejudice, as

8  frivolous; and

9  2.  The Clerk of the Court be directed to enter judgment in case nos. CIV-S-

10  07-2762-LKK-CMK and CIV-S-07-2763-LKK-CMK and close these files.

11  These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Failure to file objections within the specified time may waive

16  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  DATED:  January 14, 2008

19

20  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26